UNITED STATES, Appellee

v

MARK HODGE, Jr., Private First Class, U. S. Marine Corps, Appellant

20 USCMA 412, 43 CMR 252

No. 23,368

March 19, 1971

*Lieutenant Arthur H. Rainey,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant George F. McGunnigle, Jr.,* JAGC, USNR.

*Captain John J. Reilly*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever*, USMC.

## Opinion of the Court

QUINN, Chief Judge:

We granted review to consider whether the trial judge erred to the accused's prejudice by admitting in evidence, over defense counsel's objection, a deposition which had been taken by the Government in anticipation that the witness would be unavailable to testify at trial.

Trial was held in the Republic of Vietnam. Subsequent to the deposition and before trial, the witness had left Vietnam to return to the United States and had been discharged from the service. There is evidence that, before trial, he was asked if he would return at Government expense to Vietnam to testify and he said he would not.

Article 49, Uniform Code of Military Justice, 10 USC § 849, authorizes both the Government and the accused to take the deposition of a witness. However, the deposition may not be read into evidence at trial, unless at least one of several enumerated conditions is shown to exist. Two conditions directly applicable to this case are: (1) That the witness is outside the boundaries of the state or territory in which the court is ordered to sit; and (2) that for "reasonable cause" the witness "is unable or refuses to appear and testify in person at the place of trial."

During argument on his objection to the admission of the deposition, defense counsel acknowledged that a "private citizen" could not be expected "to come . . . to a war zone . . . to testify at a court-martial." If the concession is valid, it would appear that, in terms of the literal language of Article 49, the Government established a satisfactory predicate for consideration of the deposition both because the witness was outside the Republic of Vietnam and because he had "reasonable cause" to refuse to appear

in person. On this appeal, however, the accused contends that evidence of mere absence from the geographical area of the court's jurisdiction, as distinguished from evidence of the witness' actual unavailability to testify in person, is insufficient to deny him the constitutional right to confront the witness at trial. See Barber v Page, 390 US 719, 20 L Ed 2d 255, 88 S Ct 1318 (1968); United States v Davis, 19 USCMA 217, 41 CMR 217 (1970).

Exploration of the limits and the limitations of the accused's present contention is unnecessary. For the purpose of this appeal, we assume, without deciding, that a witness physically in the United States may be subpoenaed to attend and testify at a court-martial convened in a foreign country. See Article 47, Code, supra, 10 USC § 847; Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 115. Cf. Rule 17(e), Federal Rules of Criminal Procedure; Blackmer v United States, 284 US 421, 76 L Ed 375, 52 S Ct 252 (1932). We also assume, without deciding, that attending a trial in a combat zone presents such grave danger to a civilian witness that we can properly compare his situation to one who, because of illness or disease, would be in grave danger if compelled to attend and testify, but because the Government procured the witness' departure from Vietnam and effected his discharge from the service before the expiration of enlistment, it is prevented from asserting the witness' inability to attend as justification for use of his deposition. Cf. United States v Ciarletta, 7 USCMA 606, 610–611, 23 CMR 70 (1957); Reynolds v United States, 98 US 145, 158, 25 L Ed 244 (1879). Finally, we assume, without deciding, that regardless of the language of Article 49 a witness' unwillingness to testify is not tantamount to his unavailability. United States v Barcomb,

413

2 USCMA 92, 6 CMR 92 (1952); United States v Hayutin, 398 F2d 944 (CA 2d Cir) (1968), certiorari denied, 393 US 961, 21 L Ed 2d 374, 89 S Ct 400 (1968). None of these assumptions help the accused.

Defense counsel indicated in his opening argument that the "facts" of the defense case "differ[ed] very little" from those "presented by the government." Government evidence, independent of the deposition, established beyond all doubt, and the accused admitted, that he fired a burst from an M-16 rifle "in the direction of the victim's house." The deposition indicates that, because of his position, the accused "could not see the woman" who was shot by him; the accused's testimony is to the same effect. Only one material matter in the deposition is not covered by the accused's own testimony. The deposition witness referred to a statement he heard the accused make after the incident. The statement was made when the accused "was back in the MP jeep." However, the entire conversation in which the statement appears was recounted, without objection by the defense, by the military policeman who had the conversation with the accused. From any standpoint, therefore, the deposition, in its essentials, contains nothing that was not expressly admitted by the accused or not compellingly and more directly established by other evidence. Thus, even assuming the deposition was erroneously admitted into evidence, there is no fair risk that anything in it influenced the court members adversely to the accused in regard to either the findings of guilty or the sentence. United States v Jester, 4 USCMA 660, 16 CMR 234 (1954); United States v O'Callahan, 16 USCMA 568, 37 CMR 188 (1967), followed in United States v Parker, 390 F2d 360 (CA 3d Cir) (1968), reversed on another ground, O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The decision of the United States Navy Court of Military Review is affirmed.

Judge DARDEN concurs.

**414**

FERGUSON, Judge (concurring in the result):

I concur in the result.

I agree with my brothers' affirmance of the decision of the Court of Military Review but not with the manner in which they reach that result.

At the accused's trial, by general court-martial, in Vietnam on January 20, 1970, the Government offered in evidence the deposition of one Dunning, a then discharged serviceman residing in the United States. The deposition had been taken on November 4, 1969, because Dunning was due to leave Vietnam on the 6th of November for return to the United States for purpose of discharge from the service. Defense counsel objected to admission of the deposition on the ground that the Government had not shown Dunning to be actually unavailable. The Government introduced Appellate Exhibit 2, a message from the convening authority to military officials in the United States requesting Dunning's address and ascertainment of his willingness to return to Vietnam and testify at trial. The reply, Appellate Exhibit 3, supplied Dunning's address and the information that he was personally contacted and did not desire to return. Trial counsel wrote to Dunning (Appellate Exhibit 4) and requested him to appear but no reply had been received at the time of trial. Trial counsel argued that Dunning was unavailable as a witness merely because he was unwilling to come to Vietnam and, also, because he resided more than one hundred miles from the situs of the trial (Article 49(d), Uniform Code of Military Justice, 10 USC § 849). No attempt was made to subpoena Dunning as provided by Article 46, Code, supra, 10 USC § 846. The military judge ruled the deposition admissible, after noting his opinion that, as a practical matter, no court would compel Dunning to return to a combat zone in order to testify in a court-martial.

While the use of depositions in courts-martial is authorized by Article

49, Code, supra, if certain prerequisites are satisfied, this codal provision does not conflict with the right to compulsory process (Articles 46, Code, supra, and 47, 10 USC § 847; United States Constitution, Sixth Amendment), as depositions are an exception to the general rule of live testimony and are to be used only when the Government cannot reasonably have the witness present at trial. United States v Valli, 7 USCMA 60, 21 CMR 186 (1956); United States v Davis, 19 USCMA 217, 41 CMR 217 (1970). Although allowing depositions to be utilized in certain cases (United States v Jacoby, 11 USCMA 428, 29 CMR 244 (1960); United States v Griffin, 17 USCMA 387, 38 CMR 185 (1968)), this Court has continually stressed the importance of having the court itself hear the witness. United States v Thornton, 8 USCMA 446, 24 CMR 256 (1957); United States v Daniels, 11 USCMA 52, 28 CMR 276 (1959). As we said in *Daniels,* at page 55:

".  .  . depositions are tools for the prosecution which cut deeply into the privileges of an accused."

See also Barber v Page, 390 US 719, 725, 20 L Ed 2d 255, 88 S Ct 1318 (1968), where the Supreme Court stated:

".  .  . The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and *the occasion for the jury to weigh the demeanor of the witness.*" [Emphasis supplied.]

For an extended discussion of this issue, see United States v Davis, supra.

Initially, I believe that the military judge erred in deciding that a subpoena to compel the attendance of Dunning was impractical on the ground that no court would compel Dunning to return to a combat zone to testify.[1] In the first place, he had no way of knowing that Dunning would not honor the subpoena and appear, despite his previous verbal statement that he did not *desire* to do so. Secondly, even assuming that Dunning would refuse, despite the subpoena, the military judge had no authority to prejudge the final determination of another court. His having done so denied the defense the opportunity to fully utilize the authority granted by Congress to compel the attendance of the witness. Articles 46 and 47, Code, supra.

In United States v Davis, supra, we held that distance alone is not the determining factor in declaring a witness unavailable, when the desired witness is a serviceman. While Dunning was not, *at the time of trial,* a serviceman, *he was at the time the deposition was taken.* A routine reassignment should not, in my opinion, serve as a basis for allowing the Government to utilize the exception to the general rule of requiring live testimony at trial. United States v Davis, supra. Where the discharge of the witness from the service is imminent, I believe that the Government should be required to retain the witness in the area as long as legally possible to insure his physical presence at the trial. Anything less deprives the accused of a right accorded to him by the Code and the Constitution.

The fact that Dunning was declared *unavailable* because he left Vietnam on November 6th for return to the United States and discharge from the service, brings me to my second point. We were informed by appellate defense counsel, in reply to a request during argument, that Dunning was given an early discharge from the service under Army Regulation 635–200, Chapter V, section 7. Dunning had been inducted on February 15, 1968, and his estimated date of separation was February 14, 1970. However, Dunning was released from active duty on November 9, 1969, because his remaining obli-

---

[1] I do not now decide whether Dunning, who by virtue of his service as a draftee is obligated for four more years in a reserve status, could have been ordered to return to Vietnam. See United States v Davis, 19 USCMA 217, 41 CMR 217 (1970).

gated time of just over three months precluded productive reassignment to another duty post. His early separation from the service, then, was obviously for the *convenience of the Government* and not because of any legal requirement to return Dunning to the United States before the date of trial, January 20, 1970. This was clearly impermissible since Dunning was obligated by law to serve until February 14, 1970, well past the date of trial. He could and should have been retained in Vietnam to testify in person. A simple inquiry by the military judge, as to the reason why the witness was allowed to depart prior to trial, would have disclosed this information and might well have resulted in a different ruling as to the admissibility of the deposition. Military judges and defense counsel should be alert to situations of this nature. Greater care than was shown in this case is required to adequately protect the rights of the accused serviceman.

The actions of the Government, in this case, in improperly procuring the witness' departure from Vietnam prior to the date of trial, serve to solidify my long-held belief that in all too many cases the Government is acutely insensitive to insuring that basic rights of an accused are adequately protected.

Under other circumstances, I would hold the error in this case to be prejudicial to the substantial rights of the accused. However, since I believe that the other evidence of guilt amply supports the holding of the Court of Military Review, which affirmed only the lesser included offense of voluntary manslaughter (accused had been convicted of unpremeditated murder), I do not believe that this accused was prejudiced by the error.