UNITED STATES, Appellee,

v.

Alexander ITURRALDE–APONTE,
Private First Class, U. S.
Army, Appellant.

No. 29,703.

U. S. Court of Military Appeals.

Oct. 24, 1975.

Colonel Victor A. DeFiori, Captain T. Wayne Gray, Captain Ronald Lewis Gallant, and Captain R. Stuart Broom were on the pleadings for Appellant, Accused.

Lieutenant Colonel Donald W. Hansen, Captain Keith H. Jung, and Captain Joel M. Martel were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

At his general court-martial in Germany in February 1972, the appellant faced a charge of unpremeditated murder. In an effort to support his contention that he had inflicted the fatal wound on the victim in his own self-defense, the appellant through his defense counsel requested the trial counsel to call two witnesses—the former psychologist and the former probation officer of the deceased—for the purpose of establishing the violent character of the victim and his propensity to engage in acts of violence. When the request was denied on the basis that the subject witnesses were irrelevant to the proceedings, the appellant submitted it to the convening authority who similarly denied it as "too remote in time, place and circumstance to have sufficient probative value to be of relevance."[1] During an Article 39(a) session at which appellant unsuccessfully sought to introduce into evidence several documents which he submitted would, by their content, make production of the witnesses unnecessary, the military judge also denied the appellant his requested witnesses because their testimony would be irrelevant, noting that the incidents to which they would testify were too remote in time and occurred in a different community.

The right of an accused to compel the attendance of witnesses who, it is be-

---

1. The psychologist had interviewed the deceased in December 1962, when the latter was 11 years old, because of his behavior at school. The doctor concluded the victim was a "disturbed boy" who "sees aggression and manipulation to be the only means that he will gain much importance." The probation officer in question was the victim's supervisor during the period of suspension of his commitment to the Iowa Training School for Boys. By June 1968, this probation officer reported to the court that the deceased then had become "uncontrollable and uncontrolled" and "habitually deports himself in a manner that is injurious to himself and others" and recommended that the court vacate the suspension, which it did.

lieved, may offer proof to negate the Government's evidence or to support the defense is one constitutionally and statutorily protected.[2] While there exist certain prescribed procedures to be followed in obtaining them,[3] "[w]ho these witnesses shall be [assuming they are material to the issues in the case] is a matter for the accused and his counsel."[4]

It is clear that whenever there is raised the question of which of two men was the aggressor, the reputation and the character of either is relevant. In this case the appellant's fate rested on the theory of self-defense; indeed, there was substantial evidence which would support his position. As such, the propensity for pugnacity of the victim went "to the core of the accused's defense." United States v. Thornton, 8 U.S.C.M.A. 446, 450, 24 C.M.R. 256, 260 (1957). When behavior of a viciously aggressive type is shown from age 11 through 18, it cannot be said to be "remote" when similar deficiencies are displayed less than 3 years later. As such, the military judge erred in denying appellant's request for the two witnesses of concern.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. A rehearing may be ordered.

---

2. Sixth Amendment, United States Constitution; Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846.

3. Paragraph 115, Manual for Courts-Martial, United States, 1969 (Rev).

4. *United States v. Sweeney,* 14 U.S.C.M.A. 599, 602, 34 C.M.R. 379, 382 (1964).