UNITED STATES

v.

Private (E–1) Ervin L. BRISBON, 246–88–8972, US Army, Headquarters and Headquarters Company, 10th Transportation Battalion (Terminal), 7th Transportation Group (Terminal), Fort Eustis, Virginia.

SPCM 11234.

U. S. Army Court of Military Review.

Sentence Adjudged 7 Nov. 1974.

Decided 14 May 1976.

Appellate Counsel for the Accused: CPT Robert D. Jones, JAGC; CPT Edward E. Shumaker, III, JAGC; CPT Michael R. Caryl, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gregory M. Van Doren, JAGC; CPT Richard E. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COOK, Judge:

Contrary to his pleas, appellant was convicted by a trial judge sitting alone of violations of Articles 86, 92 and 117, Uniform Code of Military Justice (10 U.S.C. §§ 886, 892 and 917). He was sentenced as noted above.

■ On appeal defendant contends that the denial of his request for individual defense counsel was prejudicially mishandled both prior to and during his trial. This Court has examined the record of trial in detail, and it has also read the interrogatories posed to the officer requested as individual counsel and his responses thereto (submitted for our edification by appellate defense counsel) and concludes that the determination made on the question of availability was legally correct both administratively and substantively.

There is, however, an adjunctive problem in this connection which arose at trial, which was addressed by counsel in oral arguments, and to which we feel we should devote some observations. After defendant's request for individual counsel had been denied by the convening authority and on appeal again denied by the convening authority's next higher commander,[1] defendant raised the matter with the military judge.[2] Concurrently, defendant requested that the three principals involved in this adverse decision, i. e., the staff judge advocate, the convening authority and the offi-cer next superior to the convening authority, be summoned as witnesses. Apparently, defendant wished to explore the statistical basis underlying the reason stated in the decision that requested counsel was not reasonably available because his duties were too preoccupying. In answer to an inquiry from the military judge the defendant replied:[3]

"The question pertaining to General Fuson is that certain jobs held by CPT McManus was a heavy workload. I would like to ask specific questions pertaining to certain jobs, like the job pertaining to his annual analysis report, how many, how often, how many classes does he give to the CID, when and where, in that respect."

■ It is the denial of this request for these witnesses by the trial judge that is the substance of appellant's present assertion of prejudicial error. This Court feels, as did the trial judge, that the individuals enumerated in appellant's request are not material or relevant for the purpose for which requested.[4] The individual in the exclusive possession of firsthand knowledge of the information sought by the defendant was, and is, the officer who was requested as individual defense counsel.[5] Therefore, this Court holds that the trial judge's ruling on this request was correct.

In his final assertion of error, appellate defense counsel contends that the convening authority was disqualified from reviewing appellant's case because he had participated in defendant's request for counsel and his request for witnesses.

■ This Court is unaware of any case which holds that a convening authority is disqualified from acting as the reviewing

1. See paragraph 48b, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. United States v. Cutting, 14 U.S.C.M.A. 347, 34 C.M.R. 127 (1964).

3. As a result of the denial of his request for individual counsel, the appellant chose to represent himself.

4. United States v. Iturralde-Aponte, 1 M.J. 196 (1975); United States v. Harvey, 8 U.S.C.M.A. 538, 25 C.M.R. 42 (1957).

5. This is a conclusion with which appellate defense counsel apparently concurs as the requested officer is the sole source from which appellate defense counsel sought this same information in preparing this issue on appeal. It should also be noted that this officer was readily available at the time and place of trial.

authority merely because he has performed either one or both of the ministerial functions referred to in the allegation of error.[6] The disqualification must occur, if at all, because his prior decision as to counsel and/or witnesses is challenged during the course of the trial and the convening authority is thereafter required to review the correctness of the trial judge's ruling on the soundness of his, the convening authority's, earlier disposition of the same request.

The United States Court of Military Appeals stated in *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952), at page 262:

". . . the right to an impartial review is an important right which must be recognized in the military judicial system and an accused is entitled to have the record reviewed and the limits of his sentence fixed by one who is free from any connection with the controversy."

Recognizing the overbreadth of this language, that same court advised in *United States v. McClenny*, 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955), at page 513:

"However, the quotation must be read in the context of the whole opinion. Throughout, we stressed a fundamental difference between official action and personal interest. We believe that the test [is] objective reasonableness, . . . If from his [actions], it appears that he has a personal connection with the case, he may not act as reviewing authority. On the other hand, if his [action] is of an official or disinterested nature only, he may properly review the case."

While confirming this test in *United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975), the United States Court of Military Appeals provided further clarification when it wrote at page 331:

"As apparent from the foregoing, disqualification depends on whether the convening authority is put in the position of weighing his [action] against or in light of other evidence which conflicts or modifies his own."

In the instant case, the issue concerning the convening authority's denial of defendant's request for individual counsel was never perfected at trial and, therefore, the trial judge never ruled on it. It follows that the convening authority was not "put in the position of weighing his [own earlier] action" in the exercise of his review responsibilities.

■ The matter involving the request for witnesses, however, was perfected at trial. But, it is apparent from the record that the trial judge was not reviewing the prior decision of the convening authority, nor indeed was he asked by the defendant to review that determination, but rather he was being called upon to invoke his own independent authority to compel the attendance of these witnesses.[7] Thus, on review the convening authority was not evaluating the trial judge's review of his earlier decision. Ergo, in this instance too, the convening authority was not "put in the position of weighing his action." [8]

Based on the applicable law, applied to the facts in this case, the Court finds that the convening authority was not disqualified to conduct an impartial review.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge MITCHELL concur.

___

6. *See* paragraph 48*b*, MCM 1969 (Rev), request for counsel; paragraph 115*a*, MCM 1969 (Rev), request for witnesses.

7. Paragraph 115*a*, MCM 1969 (Rev).

8. Nor do we feel that the fact that the convening authority was one of the witnesses requested by the defendant deprives that officer of his ability to conduct an impartial review of the judge's decision.