## UNITED STATES

v.

**Airman Kenneth H. DEMPSEY, FR 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, 3440th Student Squadron, Sheppard Technical Training Center (ATC).**

ACM 21919 (f. rev.).

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 June 1975.

Decided 1 July 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Captain Rex L. Fuller III.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, HERMAN, ORSER and SANDERS, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

ROBERTS, Senior Judge:

In our former decision in this case, *United States v. Dempsey*, A.C.M. 21919, 1 M.J. 835 (A.F.C.M.R. 1 April 1976), we found the original convening authority was disqualified and ordered a new action by a different convening authority. In view of this disposition, we did not reach all of the errors which had been assigned for our consideration. We have now examined the remaining assigned issues and find that they have either been adequately discussed in the review of the staff judge advocate and correctly resolved adversely to the accused, or are otherwise without merit.

Two of the matters raised in this appeal do warrant discussion. In the first, it is asserted that the military judge erred in admitting into evidence the deposition of an absent witness, and the second urges that whether or not the deposition was admissible, it was improper for the trial court to view a video tape that had been made of the deposition. We disagree with these contentions.

As we related in more detail in our former decision, the pretrial administration of this case was complicated and delayed because of an "eleventh hour" request for psychiatric evaluation submitted by the accused. The witness whose deposition was ultimately used was then on active duty in the United States Air Force and stationed at Lowry Air Force Base, Colorado, where trial was held. He was, however, a disciplinary problem and his administrative separation under the provisions of Air Force Man-

ual 39–12 was in progress. When the trial was delayed because of the psychiatric evaluation, it could not be determined when or if the trial would resume. While the witness was still on active duty, it was decided, as a precautionary measure, to take his deposition in the event that he was absent when the trial began. The deposition was taken in the presence of the accused and his counsel and was transcribed and authenticated in the usual form. Incidental to the taking of the deposition, it was arranged that the entire proceedings would be televised and recorded on video tape.

The psychiatric evaluation of the accused was completed, and an initial Article 39(a), 10 U.S.C. § 839(a) session was held. At that time, the witness had been separated from the United States Air Force but was still residing in nearby Denver, Colorado. He had given assurances that he would continue to remain there for a considerable period of time. However, conflicting obligations of trial personnel further delayed the case, and when the case was brought to trial on its merits, he could no longer be located. The evidence is replete with honest and earnest efforts made by the trial counsel to locate him, and prior to admitting the deposition in evidence, the military judge directed the trial counsel to make further extraordinary efforts to find him. These efforts were unsuccessful. In addition to receiving the typewritten transcript of the deposition into evidence, the military judge, who was sitting alone, elected to view the video tape just as if the witness were present in the courtroom.

Appellate defense counsel urge that as the Government had effected the discharge of the witness prior to his normal date of separation, it was prevented from asserting his unavailability as a premise for introducing his deposition, citing *United States v. Gaines*, 20 U.S.C.M.A. 557, 43 C.M.R. 397 (1971) and *United States v. Hodge*, 20 U.S.C.M.A. 412, 43 C.M.R. 252 (1971) for this proposition. They also urge that pretermitting the admissibility of the deposition itself, it was improper for the judge to have viewed the video tape, as this gave an aura of credibility and glamour to his testimony, thereby enhancing the weight to which it should have been entitled.

In our view, *Gaines* and *Hodge* are clearly distinguishable from the case at hand. Those cases involved witnesses who were stationed in Vietnam and had been separated from the service for the convenience of the government and returned to the United States. Their depositions were held to be inadmissible, not simply because of the fact of their discharges, but because the government had procured their *absence* and made them nonamenable to process. The government had therefore prevented their attendance at trial, and could not in fairness use their nonavailability as a reason for the admissibility of their depositions. It is also of significance that in those cases, the government made no effort whatever to obtain the presence of the witnesses at trial.

■ These circumstances are not present in the case before us. Although the discharge of the witness had been effected for governmental purposes, it was not anticipated that he would not be present at the place of trial; and, the government made every possible honest effort to effect his presence. Under these circumstances, the government no more procured his *absence* from the place of trial than would be involved had an active duty member absented himself without authority. The *unavailability* of the witness was not caused by the government, and accordingly the usual rules for the admissibility of depositions obtain. Article 49, Uniform Code of Military Justice; *United States v. Davis*, 19 U.S.C.M.A. 217, 41 C.M.R. 217 (1970); *United States v. Iturralde Aponte*, 24 U.S.C.M.A. 1, 51 C.M.R. 1, 1 M.J. 196 (1975).

■ With respect to the second aspect of appellate defense counsel's objection, we note the video tape deposition here used was actually prepared and authenticated in

the normal form. It was observed by Judge Orser in *United States v. Washington,* No. S24255 (A.F.C.M.R. 26 February 1976):

> To resolve the issue before us, we need not directly address the *per se* admissibility of video tape depositions in the courtroom as a substitute for those secured by conventional stenographic means. Suffice it here that in principle we are not opposed to the use of this modern electronic technique for the presentation of evidence provided that: (1) appropriate procedural and substantive safeguards attend; (2) proper authentication and foundation prerequisites are met; and (3) for appellate purposes, a transcript of the deposition is prepared and duly authenticated as a part of the record. *United States v. Lewis,* 49 C.M.R. 734 (A.F.C.M.R. 1975). In general, decisions on the subject, while tending to be somewhat circumspect in approach, support the position that video taped evidence is admissible in criminal trials. See e. g., *Hendricks v. Swenson,* 8 Cir., 456 F.2d 503 (1972); *United States v. LaFatch,* D.C., 382 F.Supp. 630 (1974).

For the reasons stated the deposition was properly admitted and viewed. The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

ORSER and HERMAN, Judges, concur.

SANDERS, Judge, not participating.