UNITED STATES

v.

Airman First Class Algernon LUCAS, FR 259–76–6212, 3320th Retraining Squadron, Keesler Technical Training Center (ATC).

ACM 22126.

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 July 1976.

Decided 1 March 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial, with members, the accused stands convicted, despite his not guilty pleas, of two specifications charging multiple instances of heroin

use and possession [1] over a protracted period of time, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged and approved sentence is a bad conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year and reduction to the grade of airman basic.

Appellate defense counsel have asserted two errors on appeal; however, only one merits our consideration. In this assignment counsel contend:

THE FAILURE OF THE GOVERNMENT TO PROVIDE DEFENSE COUNSEL AN OPPORTUNITY TO INTERVIEW CERTAIN POTENTIAL WITNESSES WAS A DENIAL OF DUE PROCESS OF LAW.

Although, as will be seen, the Government representatives involved were somewhat careless in their conduct respecting the issue, upon careful consideration of the record, we find no denial of due process or other basis for relief to the accused.

During the Article 32 investigation [2] which preceded referral of the charges to trial, an Airman Lane was among the witnesses who appeared and gave sworn testimony bearing on the charges against the accused. In addition, a sworn written statement Lane had earlier provided to the Air Force Office of Special Investigations (OSI) was considered by the investigating officer and incorporated into his report. At the time Lane testified and when his written statement was introduced, the accused was represented by appointed military counsel. Thereafter, but while the investigation was still in progress, the accused retained a civilian attorney, and the military counsel withdrew from the case with the accused's consent. The civilian attorney solely represented the accused during the remainder of the investigation as well as during the trial of the case.

Following the investigation, the accused's counsel submitted a written request to the convening authority's staff judge advocate that seven specified individuals who "were named during the Article 32 hearing" be made available for defense interviews. The defense letter further requested the full name and home address of each individual and asked that they all be present if and when the accused were brought to trial. One of the individuals requested was Airman Lane.

On the same date the charges were referred to trial, the staff judge advocate responded in writing to counsel's requests. In denying counsel's request for the presence of the individuals named, the staff judge advocate stated in pertinent part:

This request does not comply with the requirements of paragraph 115 of the Manual for Courts-Martial, 1969 (Rev.), in that you failed to set forth a concise synopsis of the expected testimony of each witness. You must contact these individuals and provide us a written synopsis of their expected testimony.

The staff judge advocate did supply the full names and last known home address of six of the seven individuals. [3] Inexplicably, Airman Lane's name and address were not included in the staff judge advocate's response.

During trial, counsel for the accused moved to dismiss the charges on the basis of the pretrial denial of his request for the referenced personnel, all or many of whom, averred counsel, possibly possessed some knowledge concerning the charges against the accused. Counsel contended that the Government's failure to make them available for interview and possible use as witnesses on the accused's behalf constituted a denial of due process. He asserted that he had made an attempt to locate the individuals, but had not been successful in such effort.

---

1. Though charged separately, the offenses were determined multiplicious for sentencing purposes by the military judge.

2. See Article 32(a) and (b), Code, 10 U.S.C. § 832(a, b), supra.

3. The report of Article 32 investigation indicates that at the time the defense requested them, all had been discharged from the Air Force for reasons unrelated to the charges against the accused.

In reply to the motion, trial counsel relied primarily on the response the staff judge advocate had previously furnished civilian counsel. He urged denial of the motion because of the defense failure to comply with the Manual requirement for a synopsis of the requested witnesses' expected testimony. Trial counsel further pointed out that the Government had furnished the full name and last known address of the individuals requested, and the indication he had was that the defense counsel planned to make a personal effort to contact them. He added that he had received no additional defense requests for assistance in the matter.

Following these arguments, the military judge asked whether any of the requested witnesses had made written statements relating to the case. The trial counsel responded in the negative. Counsel for the accused made no response. The military judge then denied the motion. However, he granted the defense leave to renew their request for any of the individuals provided such request was accompanied by a synopsis of expected testimony. The accused's counsel indicated his understanding of the judge's ruling. He at no time thereafter renewed his request for the presence of Lane or any of the other individuals mentioned in his pretrial letter.

■ As is readily apparent from the foregoing, all participants except the military judge should have known that one of the requested witnesses, Lane, had made a sworn written statement to the OSI and had also given sworn testimony during the Article 32 investigation. Unlike Lane, none of the other six individuals requested by defense counsel testified during the investigation, nor does the record indicate the existence of any written statements of pertinence that any may have made. They were merely mentioned by those who testified during the investigation as either having been culpably involved with the accused or at least present on one or more occasions when he allegedly used heroin.

We initially find that the denial of the request for all witnesses except Lane was proper. As correctly noted in the response of the staff judge advocate to counsel's request, paragraph 115a of the Manual for Courts-Martial, supra, requires that a request for a witness be accompanied by:

. . . (1) a synopsis of the testimony that it is expected the witness will give, (2) full reasons which necessitate the personal appearance of the witness, and (3) any other matter showing that the expected testimony is necessary to the ends of justice.

The defense counsel did no more than apprise the staff judge advocate of the last names of the individuals requested. His request provided no indication that if called as witnesses their testimony would have been in any degree material or relevant to issues in the case.

■ Though an accused is guaranteed the right to compel the attendance of witnesses who it is believed may offer proof to negate the evidence of guilt or support the defense,[4] before the Government is obliged to make an effort to secure their appearance there must be some reliable representation of what their expected testimony will be. See *United States v. Young*, 49 C.M.R. 133 (A.F.C.M.R.1974); *United States v. Carey*, 51 C.M.R. 688, 1 M.J. 761 (A.F.C.M.R. 1975). Here, the defense made no representations whatever. We consequently perceive no merit in the assertion of error as it relates to these individuals.

With reference to the remaining requested witness, Lane, the issue is not so easily resolved. As shown, contrary to the Government's representation in response to the military judge's inquiry during trial, Lane made not one but two statements, both of which bore to some degree on the accused's guilt or innocence. Both the staff judge advocate who responded to the defense request (and who neglected to even furnish Lane's address along with those of

---

4. *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964); *United States v. Thornton*, 8 U.S.C.M.A. 446, 24 C.M.R. 256 (1957); *United States v. Iturralde-Aponte*, 24 U.S.C.M.A. 1, 51 C.M.R. 1, 1 M.J. 196 (1975).

the others requested) and the trial counsel should have been aware of Lane's statements which were included in the report of Article 32 investigation. There was, of course, a third party who should have been equally cognizant of the statements: the defense counsel himself. Yet he chose not to contradict the trial counsel's assertion to the military judge that there were no written statements by Lane or any of the other requested witnesses. And, as observed, though given opportunity to do so, at no time following denial of his motion to dismiss did he choose to renew his request for Lane's presence.

The fact nevertheless remains that the staff judge advocate was charged with the knowledge of Lane's statements even absent a helpful reference to them in the defense letter requesting his appearance. In utmost fairness to the accused, therefore, we will conclude the staff judge advocate was excessively technical in basing his denial of the accused's request solely on the absence of a "concise synopsis of [Lane's] expected testimony." However, this does not mean that reversal of the accused's conviction must necessarily follow. Such result is mandated only if it appears the denial of the request for Lane resulted in a fair risk of prejudice to the accused. *United States v. Jones*, 21 U.S.C.M.A. 215, 44 C.M.R. 269 (1972); *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964) and *United States v. Carey*, supra.

Having carefully scrutinized Lane's statements in terms of the evidence of the accused's guilt, we are convinced there is no such risk in the case at hand. Although the evidence was mainly supplied through the testimony of a Government witness named Jones, who was culpably involved with the accused and who testified under a grant of immunity, at least two instances of the accused's heroin use and possession were corroborated by the testimony of another witness, an individual named Wise. Jones' credibility, as might be expected, was vigorously challenged by the defense. He was shown to have an extensive history of drug usage and a conviction by court-martial for various offenses including heroin possession and use and larceny. In the light of these circumstances, we have weighed his testimony with extreme care. Notwithstanding his tarnished background and his admitted involvement with the accused in each of the charged instances of heroin usage, his testimony is clear, uncontradictory, convincing and, perhaps most significantly, corroborated in essential respects by the testimony of Wise.

In his statements, Lane denied ever having used heroin himself, (contrary to Jones' testimony about him) or ever having seen the accused use any. He did admit being present on several occasions when Jones and others injected the drug, but none of these occasions coincide in time with any of the instances of heroin use by the accused to which Jones testified. Though Lane's statements reflect that the accused, who was his roommate, was present on one occasion when Jones used heroin, he claimed he did not see the accused use the drug. He did acknowledge, however, that his view of the accused was partially blocked by Wise.

The evidence of the accused's guilt is strong and compelling. We see no indication in the Lane statements that his appearance as a witness would have affected the findings reached by the court-martial. We accordingly hold that the denial of the defense request for his appearance was not prejudicial to the accused's substantial rights.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Judge, concurs.

BUEHLER, Senior Judge, absent.