## UNITED STATES

v.

**Jimmie L. BRYANT, 262 29 1204, Private (E-1), U. S. Marine Corps.**

### NCM 77 1136.

U. S. Navy Court of Military Review.

Sentence Adjudged 7 March 1977.

Decided 15 Sept. 1977.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

ROOT, Judge:

Appellant, pursuant to his pleas of guilty, was convicted by a special court-martial of three specifications of unauthorized absence and one specification of possession of marijuana in violation of Articles 86 and 92, 10 U.S.C. §§ 886, 892, UCMJ. The approved sentence consists of confinement at hard labor for 45 days, forfeiture of $150.00 pay per month for three months, and a bad conduct discharge. The convening authority suspended for six months confinement at hard labor in excess of 29 days.

The appellant assigns the following error:

THE ADJUDGED FORFEITURES SHOULD BE DISAPPROVED BY THIS COURT.

We do not concur in this assignment of error, and we affirm.

Prior to trial, the appellant made a written request to the convening authority to obtain the attendance at trial of a certain specified witness, the appellant's father. The stated reason was that the witness was expected to testify to the past conduct of the accused in his community, his reputation for truth and honesty, his good character, his general intelligence level, and his future potential as a Marine and as a member of society, and that his testimony was

essential to the defense of appellant. In an endorsement to the request, the trial counsel recommended disapproval. The convening authority, in fact, disapproved the request, determining that the witness was not necessary for the defense of the accused. The witness later appeared at trial, at his own expense. At trial, during an Article 39(a) session prior to pleas, the trial defense counsel moved to dismiss the charges or to produce a necessary witness. During argument on the motion, trial defense counsel shifted the focus of his request to a plea for the issuance of a subpoena to the witness in order that he might be paid for his travel. The military judge ruled that the witness was a material witness and should have been subpoenaed, but in view of the fact that he was voluntarily present to testify, he denied the defense motion.

The right to have material witnesses subpoenaed for trial is well established. *United States v. Manos*, 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967); *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974); *United States v. Carpenter*, 1 M.J. 384 (1976); *United States v. Iturralde-Aponte*, 1 M.J. 196 (1975); *United States v. Willis*, 3 M.J. 94 (C.M.A.1977).

We hold, therefore, that failure of the convening authority to subpoena the witness was error. But was it prejudicial? We believe that where, as here, the witness, notwithstanding a lack of a subpoena, voluntarily appears at trial and testifies, no prejudice has befallen the appellant.

We hold, therefore, that the assigned error is without merit. Since the appellant has suffered no prejudice, there is no proper reason to reassess the sentence or to disapprove a portion of it.

Accordingly, the findings and sentence as approved below are affirmed. Charge III and its specifications, which were withdrawn after arraignment, are dismissed.

Chief Judge CEDARBURG concurs.

GREGORY, Judge (dissenting):

As noted by the majority, the military judge ruled that a requested defense witness (appellant's father) was a material witness and the convening authority should have authorized a subpoena for this witness's appearance. However, since appellant's father had voluntarily traveled from Miami, Florida, to Cherry Point, North Carolina, the military judge declined to order the issuance of a subpoena. I concur that the military judge ruled correctly. *United States v. Daniels*, 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974). Following the military judge's ruling, the convening authority declined to authorize reimbursement of appellant's father for his travel expenses.

The record of trial indicates that appellant is required to provide financial assistance to his family. The erroneous refusal of the convening authority to subpoena a material defense witness has created a further unnecessary financial hardship on appellant's family. For this reason, I would affirm the findings of guilty and only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 45 days (with confinement over 29 days suspended), and forfeiture of $100 pay per month for three months. *See United States v. Mulkey*, No. 77 0953 (N.C.M.R. 20 June 1977).