UNITED STATES, Appellee,

v.

Specialist Four Walter R. KELSEY, Jr., SSN 431–86–6739, United States Army, Appellant.

CM 441227.

U. S. Army Court of Military Review.

30 July 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for the appellee.

Before McKAY, LEWIS and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

Kelsey was convicted of two specifications of assault with a dangerous weapon and one specification of assault and battery, all occurring at Wuerzberg, Germany, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). Between the date of the offenses and the date of trial, the victim of one of the aggravated assaults, Specialist Four Mahoney, completed his service commitment. He was discharged from the Army, returned to his home in Massachusetts, and declined to accept invitational travel orders to return to Germany for Kelsey's trial. Subsequently, Judge Arkow, along with the prosecutor, Kelsey and his defense counsel, travelled from Germany to Massachusetts for the purpose of taking Mahoney's deposition. That deposition was duly taken during a formal pretrial session of the court authorized by Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1976). The deposition was videotaped as well as being transcribed verbatim as a part of the Article 39(a) session. When the case went to trial on the merits back in Germany, Mahoney's videotaped deposition was shown to the court members and the testimony was again transcribed verbatim into the record.

While Kelsey does not contest the general admissibility of videotaped depositions, *United States v. Dempsey*, 2 M.J. 242 (AFCMR), *pet. denied*, 2 M.J. 149 (CMA 1976), he does contend that Judge Arkow erred in allowing the videotape to be shown without authentication by the Government. Not so. Kelsey's counsel specifically waived the authentication requirement when he acknowledged to Judge Arkow that the videotape fairly and accurately portrayed the deposition testimony. Mil.R. Evid. 103.

The videotape itself, however, was not included as an exhibit to the record of trial, and Kelsey contends that this omission renders the trial record nonverbatim. *United States v. Gray*, 7 M.J. 296 (CMA 1979) (unrecorded side-bar conference rendered the record nonverbatim). But the record here clearly contains a verbatim transcript of all trial proceedings. Kelsey's complaint

should be that the record is incomplete for failure to include all exhibits. *United States v. Worley,* 44 C.M.R. 498, 499 (ACMR 1971).

 And we agree with Kelsey that the videotape shown to the court members should have been included as an exhibit within the trial record. A videotape is a photograph, Mil.R.Evid. 1001(2), and its qualities as real evidence call for its preservation in the form of a marked exhibit. Be that as it may, we find that the omission caused no prejudice. There was no issue at trial regarding the authentication of the videotape, and the testimony "within" the videotape was transcribed verbatim into the record without objection. Under such circumstances we find that the essence of the videotaped deposition has been preserved for appellate review.

Kelsey next contends that the evidence is insufficient to establish beyond a reasonable doubt that he was not acting in self-defense at the time of the two aggravated assaults. We, however, are convinced beyond a reasonable doubt to the contrary.

Finally, two technical errors confront us concerning the sentence which, adjudged and approved, consists of confinement at hard labor for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

 First, as no punitive discharge was adjudged, the period of forfeitures should not exceed eighteen months of confinement—the length of the adjudged confinement. Paragraph 6–19*f*(1), Army Regulation 190–47 (1 October 1978). (Contrary to the belief held by many, total forfeitures for a specified period of time is a legal sentence. *United States v. Smith,* 3 U.S.C.M.A. 336, 12 C.M.R. 92 (1953); *United States v. Thornton,* 34 C.M.R. 958 (AFBR 1964).)

 Second, as the sentence included, unsuspended, confinement at hard labor for more than one year, the convening authority had no authority to order the sentence into execution as he purported to do. Article 71(c), Uniform Code of Military Justice, 18 U.S.C. 871(c) (1976).

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for reduction to Private E–1, confinement at hard labor for eighteen months, and forfeiture of all pay and allowances for eighteen months. The forfeitures shall apply to pay and allowances becoming due on and after 16 July 1981, the date of the convening authority's action. That portion of the convening authority's action purporting to order the sentence into execution is a nullity and of no force and effect.

Judge McKAY and Judge LEWIS concur.