# UNITED STATES

v.

**Sergeant Lamarr A. PHILLIPS, FR 300–50–9446 United States Air Force.**

**ACM S25760.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 July 1982.

Decided 21 Jan. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Richard A. Morgan, and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before KASTL, RAICHLE, and SNYDER, Appellate Military Judges.

## DECISION

SNYDER, Judge:

Contrary to his pleas, the accused was convicted of wrongful possession, use, and transfer of marihuana, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. His sentence extends to a bad conduct discharge and confinement at hard labor for two months. He has submitted two assignments of error, only one of which requires discussion.

The accused asserts that the military judge erred in denying his request for the issuance of process to a civilian witness, Mr. G, and in denying his request for a continuance until Mr. G was available to appear voluntarily.[1] The request for issuance of process stated that Mr. G would testify that the accused came to his apartment and repaid a loan, that no drug transaction of any kind occurred and that the accused did not leave his presence while within the apartment. We hold that, under the circumstances of this case, Mr. G's testimony was not essential to the accused's defense.

A brief review of the facts will place the issue in perspective.

Airman C, an informant, testified that he and the accused agreed to go off base and purchase marihuana from a source known to the accused. Airman C informed an Air Force Office of Special Investigations (AFOSI) agent of the arrangement. Prior to going to the accused's on-base quarters, Airman C's person and automobile were searched by Special Agent B to ensure the absence of drugs. Additionally, Airman C's personal funds were removed from his person and AFOSI funds provided for the purchase.

Airman C proceeded to the accused's quarters with Special Agent B following in a separate vehicle. The accused and Airman C proceeded to an apartment complex and parked.[2] Airman C related that he gave the accused the money for the marihuana and remained in the car. The accused departed the car, entered an apartment, and was gone for approximately 30 to 45 minutes. Upon his return, the accused

---

1. Pursuant to a defense request, trial counsel had attempted unsuccessfully to serve Mr. G with process locally. He was advised by Mrs. G that Mr. G would be available at the time of trial and would testify voluntarily. Thus, there had not been any attempt to serve Mr. G at his unknown location in Florida (trial counsel, based on his conversation with Mrs. G, contested the assertion that Mr. G intended to return to the local area). His testimony would only have impacted one of two transfer specifications.

2. Special Agent B followed the car to the complex and parked in a location where he could monitor Airman C's car. He related that the car was never out of his sight and that Airman C never left the car.

transferred a bag of marihuana to Airman C. While leaving the parking space, the accused identified an automobile as belonging to the person from whom he had acquired the marihuana (it was the only information ever provided by the accused which tended to link Mr. G with the transaction). Airman C memorized the license plate number as he was leaving the parking space. He then drove the accused back to the accused's quarters. Airman C returned to a prearranged location and surrendered the marihuana to Special Agent B, who had followed Airman C the whole time.

During the trial, the Government made no attempt to identify the occupant of the apartment or the source of the marihuana which Airman C testified that the accused transferred to him. The only evidence relating to those matters was the accused's testimony.

■ An accused before a trial by court-martial enjoys equal opportunity in obtaining witnesses and other evidence. Article 46, U.C.M.J., 10 U.S.C. § 846. Although there has been substantial debate over the breadth of this right[3], it is certain that the right is not absolute. The military judge is vested with the discretion to determine whether a requested witness' testimony is essential[4] to an accused's ability to fully develop his defense, or merely cumulative. *United States v. Roberts,* 10 M.J. 308 (C.M.A.1981); *United States v. Williams,* 3 M.J. 239 (C.M.A.1977).

■ To successfully obtain the issuance of process, the defense must provide information which supports an averment that the requested witness would offer testimony to either negate the Government's case or support the defense. *United States v.*

*Roberts, supra.* In drug cases, an essential witness' testimony will often either support the accused's version where the case is primarily a credibility battle between a government informant and the accused, *United States v. Williams, supra,* (requested witnesses would testify as to accused's outstanding service); or contradict the government's case, *e.g.,* by showing an alternative source other than the accused for the drugs. *United States v. Cottle,* 14 M.J. 260 (C.M.A. 1982) (requested witness would have testified that informant bragged about stealing drugs from the pharmacy and that he observed informant make several drug transactions with an airman other than the accused).[5]

■ Applying this rule to the facts of the case *sub judice,* we hold that although Mr. G's anticipated testimony was relevant, it was not essential to the accused's development of his defense. Specifically, Mr. G could only have corroborated the accused (or contradicted Airman C) on a collateral matter, not the core issue in dispute at the trial.

Airman C did not testify that Mr. G was the original source of the first quantity of marihuana which was purchased. He claimed no knowledge as to what the accused did after he entered the apartment. The only part of his testimony which remotely related to Mr. G was his memorizing the license plate of the automobile which the *accused* identified as belonging to the source of the marihuana. None of the Government's evidence identified Mr. G in any way. Its case stood on the theory of the accused being the transferor, regardless of how or where he obtained the marihuana.

---

3. *See United States v. Williams,* 3 M.J. 239 (C.M.A.1977) (Fletcher, C.J., concurring) (Cook, J., dissenting); *United States v. Willis,* 3 M.J. 94 (C.M.A.1977) (Cook, J., dissenting); *United States v. Carpenter,* 1 M.J. 384 (C.M.A. 1976).

4. Although prior precedents state that a witness' testimony must be material and necessary, recent authority suggests that the term "material" has been misused. The present test appears to be whether the witness is essential

to the party requesting the witness. *See United States v. Bennett,* 12 M.J. 463 (C.M.A.1982), n. 4.

5. Unlike the fact situations in these precedents, Airman C's actions were more closely monitored by his handling agent, which made the case far less of a credibility battle. Indeed, the search of Airman C's person and his automobile prior to his meeting the accused contradicts the very basis of the accused's version.

Mr. G, at best, would only have testified that he did not possess or sell any marihuana to the accused. He would not have testified that the accused went directly to his mode of transportation after leaving his apartment, or that the accused did not transfer marihuana to Airman C. None of his expected testimony would have concerned Airman C's reputation.[6] Moreover, Mr. G's expected testimony would not have revealed an alternative source from whom Airman C may have obtained the marihuana.

Accordingly, the military judge did not abuse his discretion in denying the request for Mr. G's presence, or in denying the request for a continuance. *United States v. Roberts, supra.*

We have considered the other assignment of error and resolved it adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.

---

**6.** Had it done so, it may well have been cumulative in light of Airman C's admissions of prior criminal conduct. *United States v. Bennett,* 12 M.J. 463 (C.M.A.1982) (although requested witness' testimony would have been relevant on government witnesses' credibility, testimony not essential to accused's defense because all he would have testified to was stated or admitted by victim).