UNITED STATES

v.

Sergeant Glenn T. PALMER, FR 551–35–9624 United States Air Force.

ACM S25852.

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 Sept. 1982.

Decided 5 May 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Robert L. McHaney, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Contrary to his pleas the accused was convicted of wrongfully using and transferring marijuana in violation of Article 134, U.C.M.J., 10 U.S.C. § 934.[1] He was sen-

1. The military judge dismissed an allegation of wrongfully soliciting another to possess co-   caine.

**502**

tenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 per month for six months, and reduction to airman basic.

## I

The accused contends that the military judge erred by refusing to subpoena Michael Scheier, a potential defense alibi witness. Article 46, U.C.M.J., 10 U.S.C. § 846; *United States v. Iturralde-Aponte,* 1 M.J. 196 (C.M.A.1975).

■ The production of a witness requires some showing of materiality, and the burden of establishing that Scheier's expected testimony was material rested with the defense. *United States v. Jouan,* 3 M.J. 136 (C.M.A.1977); *United States v. Carpenter,* 1 M.J. 384 (C.M.A.1976); *United States v. Lucas,* 5 M.J. 167 (C.M.A.1978). In *United States v. Hampton,* 7 M.J. 284, 285 (C.M.A. 1979), Chief Judge Fletcher defined "materiality" for appellate review purposes as evidence which would have a "reasonable likelihood" of affecting the judgment of a military judge or court members.

■ In a written motion at trial, the defense argued that Scheier's presence was required because:

His testimony will concern his knowledge of the accused and the fact that he and the accused spent a great deal of time together during the periods charged which the accused, and counsel for the accused, believe will be necessary testimony in his defense to rebut the allegations of prosecution witnesses

He further maintained that the substance of Scheier's expected testimony was necessarily vague because the drug abuse charges were so "broad." [2] Although urging that the wording of the charges unfairly hampered the presentation of their case, the defense did not seek to make the specifications more definite and certain by a motion for appropriate relief. *See United States v. Brossman,* 16 C.M.R. 721 (A.F.B.R. 1953); *pet. denied* 16 C.M.R. 292 (C.M.A. 1953). After hearing argument the trial judge concluded that Scheier was not a material witness and his presence was not required.

The question before us is: 1) Did the trial judge abuse his discretion in ruling that Scheier's anticipated testimony was immaterial; i.e., did that testimony have a "reasonable likelihood" of affecting the court's judgment. We think not. The defense motion basically says that Scheier knows the accused and has spent considerable time with him during the period the offenses were alleged to have occurred. *See United States v. Lucas,* 2 M.J. 387 (A.F.C.M.R. 1977). We find the defense presented nothing of substance.

Appellate counsel argue that without knowing the dates and times of the offenses, Scheier's anticipated testimony could not be made exact. However, as stated earlier, the accused at trial made no attempt to narrow the time frame. Further, after the allegations of drug abuse were sharpened by the prosecution as to the dates and times of the alleged offenses, i.e., on or about 15 August 1981, 1 September 1981 and 15 September 1981,[3] the defense

---

**2.** The allegations complained of state:

Specification 1: In that SERGEANT GLENN T. PALMER, United States Air Force, .... did .... during or about the period 15 August 1981 to on or about 15 September 1981, wrongfully transfer hashish.

Specification 2: In that SERGEANT GLENN T. PALMER, United States Air Force .... did .... at divers times from on or about 15 August 1981 to on or about 31 November 1981, wrongfully use marihuana and hashish.

The practice of alleging conduct covering a period is well recognized and accepted in both the military and Federal systems. *United States v. Aloyian,* 16 U.S.C.M.A. 333, 36 C.M.R.

489 (1966); *United States v. Voudren,* 33 C.M.R. 722 (A.F.B.R.1963); *pet. denied* 33 C.M.R. 436 (C.M.A.1963).

**3.** The facts while disputed, are not complicated. Airman Basic Staff, a convicted drug abuser and accomplice to the offenses charged, testified he bought marijuana from the accused on three different occasions, i.e., 15 August 1981, and 1 and 15 September 1981. Each time the accused and a friend brought the marijuana to Staff's house where the three of them would pass a marijuana cigarette around. Susan Staff indicated she saw her husband and the accused smoke marijuana at their house nu-

did not press for Scheier's presence. The inference to be drawn is that Scheier's testimony would not have benefited the defense.

For the reasons stated we hold that the trial judge did not abuse his discretion in refusing to compel Scheier's attendance at trial. *United States v. Roberts,* 10 M.J. 308 (C.M.A.1981); *United States v. Phillips,* 15 M.J. 671 (A.F.C.M.R.1983); *accord United States v. Mitchell,* 11 M.J. 907 (A.C.M.R. 1981).

## II

The accused urges that the military judge erred by failing to instruct the court that Airman Basic Staff was an accomplice as a matter of law.

The general rule in both military and Federal courts is that if there is no dispute in the evidence, which as a matter of law establishes a witness to be an accomplice of the accused, the trial judge should so instruct the court. *United States v. Graalum,* 19 C.M.R. 667 (A.F.B.R.1954); *pet. denied* 19 C.M.R. 413 (C.M.A.1955); *United States v. DeCicco,* 424 F.2d 531 (5th Cir.1970); *accord, United States v. McCue,* 3 M.J. 509 (A.F.C.M.R.1977). Here the evidence clearly established that Staff was, as a matter of law, the accused's accomplice. *United States v. Petrie,* 40 C.M.R. 991 (A.F. B.R.1969). Thus, the trial judge erred when he allowed the court to determine Staff's status as an accomplice. However, this omission was not prejudicial as the term "accomplice" was defined in the instructions, all parties treated the witness as an accomplice,[4] and the evidence of Staff's involvement was so overwhelming as to exclude the slightest possibility that the court members could have concluded otherwise. *United States v. King,* 40 C.M.R. 1030 (A.F. C.M.R.1969); *pet. denied* 40 C.M.R. 327

(C.M.A.1969). The findings of guilty and the sentence are

AFFIRMED.

MILLER, Judge, concurs.

HEMINGWAY, Senior Judge, absent.

---

merous times between 1 September and 31 November 1981. Both Staff and his wife are familiar with the odor and appearance of marijuana.

The accused testified he was on leave until 18 September 1981, and did not arrive in the local area until that evening. He knows the Staffs and has been to their house, but he categorically denied drug use of any type.

4. Both trial and defense counsel, in their closing arguments, referred to Staff as an accomplice.