UNITED STATES, Appellee

v.

James C. HARMON, Private First Class, U.S. Army, Appellant.

No. 93–0646.
CMR No. 9200513.

U.S. Court of Military Appeals.

Argued March 16, 1994.

Decided Aug. 17, 1994.

For Appellant: *Captain Blair M. Jacobs* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Major Robin L. Hall, Captain Thomas D. Wight* (on brief); *Colonel Stephen D. Smith.*

For Appellee: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer* and *Major James L. Pohl* (on brief); *Major Donna L. Barlett.*

*Opinion of the Court*

COX, Judge:

On January 1, 1992, appellant and other soldiers stationed at Fort Wainwright, Alaska, were drinking beer in their barracks and decided to visit a friend at the University of Alaska in Fairbanks. After visiting their friend, the soldiers went to a different residence hall where they encountered a student, Mr. Green, talking to his girlfriend on the telephone. One of the soldiers asked Mr. Green where the girls were, and Mr. Green told him they were home for the holiday break. Appellant and two other soldiers proceeded to beat Mr. Green; appellant hit Mr. Green in the face with his fist several times and kicked him. Appellant and his friends ran from the dormitory leaving Mr. Green on the floor. Appellant pleaded guilty to assault with a means likely to produce grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928.*

---

* On March 5, 1992, appellant was tried by military judge alone at a general court-martial. He was sentenced to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence without opinion.

We granted review of the military judge's ruling during presentencing, precluding a fourth defense witness' testimony as cumulative. 38 MJ 220. The first defense presentencing witness was Sergeant (SGT) Robert Rucker, who was appellant's direct supervisor. SGT Rucker testified that appellant was "quiet," "a loner," and "immature." In his opinion, appellant was a follower rather than a leader and appeared to be "non-violent." Specialist Vickie Lyles was the second defense witness. She worked with appellant on a daily basis and, like SGT Rucker, considered appellant to be immature and a loner. The testimony of SGT Suzanne Brewer, the third witness, echoed the same themes.

When the defense called its fourth witness, Specialist Harold Gilkey, the Government noted that the testimony of the first three witnesses had been redundant and said that the Government would object to any further cumulative testimony. The defense acknowledged that Specialist Gilkey's testimony would describe appellant's relationships with others and establish that he was a follower. The military judge determined the defense had made that point. Appellant now contends he was prejudiced by the military judge's refusal to receive the testimony of Gilkey.

■ While, generally, defense witnesses are to be determined by the accused and his counsel, *United States v. Iturralde–Aponte*, 1 MJ 196, 198 (CMA 1975), an accused has no Constitutional right to a witness' testimony which would be cumulative. *United States v. Williams*, 3 MJ 239, 242 (CMA 1977). There we recognized:

> The military judge or the president of a special court-martial without a military judge may as a matter of discretion limit the number of witnesses called by either

side to testify to the same matter if it appears that the testimony of the excluded witnesses would be merely cumulative.

3 MJ at 241–42, *quoting* para. 137, Manual for Courts–Martial, United States, 1969 (Revised edition). The military judge has discretion in determining when a witness' testimony is cumulative. 3 MJ at 243, *quoting United States v. Romano*, 482 F.2d 1183, 1195 (5th Cir.1973), *cert. denied*, 414 U.S. 1129, 94 S.Ct. 866, 38 L.Ed.2d 753 (1974).

■ If the proponent of the witnesses seeks an advance ruling and the judge limits the number of witnesses as cumulative, the defense has the option of deciding which witnesses to call. 3 MJ at 243 n. 9. However, here, the defense proceeded to elicit testimony from its witnesses without seeking an advance ruling, and the Government objected to additional cumulative testimony by other witnesses. The military judge precluded testimony of the fourth witness. In such a situation, there is no opportunity for a choice of witnesses. Having chosen to call four witnesses whose testimony was cumulative, appellant is in no position to complain. Testimony as to his duty performance, lack of maturity and interaction with others was corroborated, and testimony from another witness, no matter how credible, would not have added anything to the defense's uncontroverted evidence. We find no abuse of discretion in the military judge's ruling.

Accordingly, the granted issue is without merit. *United States v. Tangpuz*, 5 MJ 426, 429, 430 (CMA 1978); 3 MJ at 243, *quoting United States v. Romano*, 482 F.2d at 1195.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.