### UNITED STATES v. BATTIATO.
#### No. 10779.

United States Court of Appeals
Seventh Circuit.

May 22, 1953.

Rehearing Denied June 19, 1953.

four years for having uttered a counterfeit $20 Federal Reserve note and for having aided and abetted his codefendant, John Mundo, in uttering a second similar counterfeit Federal Reserve note. This appeal is prosecuted by Michael Battiato alone, who is here insisting that the United States attorney made improper and prejudicial remarks in his argument to the jury, and for that reason he urges that judgment should be reversed and the cause remanded for a new trial.

The indictment contained two counts. In the first count appellant, Michael Battiato, is charged with having aided and abetted one John Mundo in passing a certain counterfeit $20 Federal Reserve note in violation of section 472, title 18 of the United States Code. The second count charges that the appellant, Battiato, himself, passed a similar counterfeit $20 Federal Reserve note in violation of the same section of United States Code. Both defendants were represented by competent counsel of their own choice; they entered pleas of not guilty and proceeded to trial before a jury. Each was found guilty on both counts of the indictment, and the judgment against Battiato provided that he be committed for a term of four years on each count, to be served concurrently.

We have examined and considered the arguments made in the District Court on behalf of the Government and on behalf of the two defendants. Such examination discloses nothing intemperate or undignified in the argument of the United States attorney. The argument contains no insinuations or assertions that might lead the jury to believe that the prosecutor had personal knowledge as to the guilt of the defendants. There is nothing in this cause comparable to the situation disclosed in Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, which is cited and relied upon by the appellant. He likewise directs our attention to Taliaferro v. United States, 9 Cir., 47 F.2d 699–701. In that case, the prosecuting attorney in his argument to the jury said concerning a material fact: "I know that of my own knowledge."

In the case at bar, the prosecutor did not state that he had personal knowledge of

Myer H. Gladstone, Chicago, Ill., Robert W. Heinze, Chicago, Ill., for appellant.

Gilmore S. Haynie, U. S. Atty., Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., South Bend, Ind., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

FINNEGAN, Circuit Judge.

On November 18, 1952, Michael Battiato, the appellant, was sentenced to a term of

any fact material to the issue. In truth, we can find in the record no statement of the United States attorney from which the jury could possibly infer that the prosecutor had personal knowledge or was attempting to lead them to believe that he had such knowledge of any material fact. Appellant cites three excerpts from the prosecutor's argument in his attempt to establish the proposition for which he is contending.

In appellant's first excerpt it appears the prosecutor said: "If I, in my own mind, thought for one minute that these defendants were not parties to this case, I certainly would not have the courage to stand up here and argue before you that they were guilty. It is never our intention to prosecute and try innocent men."

This statement was far short of alleging that the speaker had personal knowledge of facts showing defendant's guilt. He does not state in uncompromising language or even hint that the defendants are guilty. He states merely that he is arguing that they are guilty and that he believes them guilty. Moreover, when the context from which the excerpt is taken is considered we believe it becomes perfectly plain that no improper argument was presented. It appears that shortly before the prosecutor used the language quoted the attorney then acting for defendant, Battiato, had referred to the building which houses the Department of Justice, in the Nation's Capitol, and stressed the motto inscribed on that building: "The Government wins when justice is done."

Immediately after this statement by appellant's attorney, the Assistant United States attorney began his closing argument and said: "I for one subscribe to the motto that the Government wins when justice is done." Immediately following he used the language quoted in appellant's first excerpt.

Under the circumstances we do not believe that the argument can be considered unfair or prejudicial.

The second excerpt from the prosecutors' closing argument is as follows:

"Then there was some mention made that Sam Mundo might look like, something like, Battiato here, and that we did not take Sam Mundo before Lobonc. So you know Lobonc was here all day yesterday, and they passed in the corridor, and they were in the witness room together, because they were both important witnesses, and now they are trying to raise the question of identification because Lobonc did not see Sam Mundo. He was in the same witness room with him yesterday."

The attorney who appeared for appellant at the trial objected at this point to the argument. The trial court sustained the objection and the incident ended. Shortly thereafter, about a paragraph later, the closing argument concluded. The then attorney for the appellant, Battiato, addressed the court saying:

"I have waited until Mr. K. finished. There are two important statements, however, he made that are not so. I believe the jury should be told that. I have some itemization; it will take one minute."

The court denied his request because each side had the same time to argue the case. Counsel persisted, saying: "But this can be verified by the record." The court replied:

"The jury will remember the record. If any counsel has misrepresented the evidence that is a matter for the jury to decide. It is not ground for additional argument. The motion is denied."

In his third excerpt appellant says:

"The prosecuting attorney further argued: 'Lobonc came on the witness stand and he, in my opinion, unqualifiedly, unquestionably, pointed out these two defendants, corroborated by the evidence of Sancya.'"

Counsel for appellant fails, however, to point out that in the earlier portion of his argument when dealing with the testimony of Sancya, the prosecuting attorney had said:

"Take our witnesses, the reputation and the character of our witnesses, particularly Sancya and Lobonc. They had never seen the defendants before, and they have no ill will towards them. To them, they are just another in-

dividual. They would have no reason to lie; it would profit them nothing to lie. And take Louis Sancya; if he wanted to lie, he could have said, 'I saw both of them; I saw them at such and such a place.' But, mind you, Louis Sancya was the son of the owner; he was so careful in his identification that he stated, 'I only saw John Mundo. I can't identify Battiato; he had a hat on.' "

As we have said, when the entire record is considered, we can find nothing similar to the situation presented in the cases of Berger v. United States or Taliaferro v. United States.

The judgment of the District Court is affirmed.