UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl Nicholas DeCICCO, a/k/a Carl
Nicholas DiCicco, Defendant-
Appellant.

No. 28583
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 8, 1970.

H. Clay Mitchell, Jr., Pensacola, Fla. (Ct. Apptd.), for appellant.

William Stafford, U. S. Atty., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■ This is an appeal from a conviction on a charge of interstate transportation of a stolen car.[1]

■ The trial court did not err in refusing to give a jury charge requested by the defendant that they could not convict

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969).

on the uncorroborated testimony of an accomplice and that accomplice testimony was to be viewed with caution. The witness whose testimony was referred to was not an accomplice. He was the owner of the car. The defendant was a federal prisoner assigned to work in an installation at Eglin Air Force Base, Florida. The car owner, a minor, was employed at the same installation. The owner testified he loaned defendant his car for a few minutes to run an errand. Defendant testified he paid the owner $500 for the car, which he was to use in escaping from federal custody. The car was reported stolen in June, 1968, and defendant, who had escaped, was arrested in possession of it in New Mexico in October, 1968.

■■ The usual test for determining if a witness is an accomplice for the purposes of these evidentiary considerations is whether he is concerned in the commission of the specific crime with which the defendant is charged, Risinger v. United States, 236 F.2d 96 (5th Cir. 1956), or could be indicted or convicted of the identical offense for which the defendant is being prosecuted, Phelps v. United States, 252 F.2d 49 (5th Cir. 1958), Stephenson v. United States, 211 F.2d 702, 14 Alaska 603 (9th Cir. 1954), 2 Wharton, Criminal Evidence, § 448 at 230.[2] Whether a witness is an accomplice is a question for the jury if there is reasonable doubt whether he is, Phelps v. United States, *supra*, but as a matter of law the car owner in this case was not an accomplice to a charge of interstate transportation of his own car, allegedly stolen.

■ To be sure, the fear of the owner that he might be charged with aiding in defendant's escape would go to his credibility, Doty v. United States, 261 F.2d 10 (10th Cir. 1958), but that does not cause him to be an accomplice within the requirements of the accomplice testimony rule.

The contention that the trial judge erred in his reference to the defendant's testimony being under oath is without merit.

Affirmed.

---

2. For a criticism of the accomplice testimony rule as "a sheer waste of time," unrelated to the purposes it is designed to serve, see 7 Wigmore, Evidence, § 2060, p. 342 (3d ed. 1940).