**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry Allan WASKO, Defendant-
Appellant.**

**No. 72–1054.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 31, 1972.

Decided Feb. 7, 1973.

John D. Breclaw, Highland, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before STEVENS and SPRECHER, Circuit Judges, and CAMPBELL,* Senior District Court.

SPRECHER, Circuit Judge.

Following a jury trial in the district court for the Northern District of Indiana, the defendant Jerry Allan Wasko was convicted on an indictment charging him with the sale of 100 tablets of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 331(q)(2).[1] We reverse on two grounds.

On April 5, 1971, Randall Green, an Indiana State Police Officer, while working as an undercover agent for the

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. On October 27, 1970, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq., which supplanted 21 U.S.C. § 331 (q)(2). The offense charge in the indictment occurred prior to the effective date of the new Act.

Bureau of Narcotics and Dangerous Drugs, made arrangements to purchase a large quantity of LSD tablets from Randy Ball. Green went to Ball's home in Gary, Indiana, but Ball did not have the quantity of tablets which Green had agreed to purchase. The two of them went to Hammond, Indiana, where they parked in a Dairy Queen parking lot. There Green gave Ball $120 and received 108 LSD tablets. Ball then left the vehicle and Green for approximately twenty to twenty-five minutes. Green arrested Ball when he returned and found 110 LSD tablets in his possession. The police then went to the door of the house where Ball said he had met with a lone male, were met by a woman who said she was the defendant's grandmother, and told to go to the basement apartment. They arrested the defendant in his apartment after conducting a search, the fruits of which were subsequently suppressed.

At the trial of the defendant in this case, Ball testified that when he left Green in the parking lot, he went to the apartment of the defendant and purchased $100 worth of LSD from Wasco. Joseph Rogowski, a deputy United States marshal, testified that he followed Green and Ball to Hammond, and followed Ball from the Dairy Queen parking lot to the defendant's apartment house. He did not see which apartment Ball entered.

On cross-examination, Ball testified that he had originally been charged in three counts with selling narcotics, that he had pled guilty to the first count and had not yet been sentenced. He stated that he had not been promised immunity or a lesser sentence in return for testifying but that he believed his cooperation might benefit him.

## I.

During the government's closing argument to the jury, the prosecutor, according to the transcript [2] stated:

"Mr. Wilks: * * * I don't think that is really important. The important thing is whether he sold those drugs to Randy Ball, and he did, I know he did.

"Now, as to separate containers—

"Mr. Breclaw: Your Honor, I want to make an objection to that last phrase of Counsel, that he knows he did. I don't think there is any evidence, he didn't testify—

"THE COURT: Objection overruled."

█ The government argues, in effect, that the statement was harmless in view of the "overwhelming" evidence against the defendant. We disagree. The evidence consisted of the testimony of Ball, who pled guilty to a charge of selling LSD on an earlier date, and the testimony of Green and Rogowski, neither of whom witnessed the alleged sale by the defendant to Ball, plus the testimony of an expert who identified the tablets allegedly sold to Green by Ball as LSD. The only evidence directly connecting the defendant with any sale of LSD was therefore Ball's testimony.

In view of the entirely circumstantial nature of the evidence, the prosecutor's remarks that he knew that the defendant had sold the LSD to Ball may well have influenced the jurors and suggested to them that, as well may have been the fact in view of his participation in the hearing on the motion to suppress, he was basing his opinion on evidence not before the jury. In so arguing, the prosecutor ignored DR 7–106(C) of the

2. The government argued in a Motion to Correct the Record before the district court, submitted following the filing of the defendant's brief in this case, and again in this court, that the record was incorrect and that the prosecutor had actually said: " . . . and he did, he knows he did."

The district judge denied the motion on the basis of the court reporter's sworn affidavit in which she stated that she had rechecked the stenotype notes taken at the time and that the transcript prepared from these notes corresponded exactly to the notes.

Code of Professional Responsibility of the American Bar Association, which states:

> "In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
> .    .    .    .    .    .
>
> "(3) Assert his personal knowledge of the facts in issue, except when testifying as a witness.
>
> "(4) Assert his personal opinion . . . as to the guilt or innocence of an accused; . . ."

Although it has been held that a personal opinion of guilt will not constitute reversible error if the speaker does not suggest that he has undisclosed facts at his disposal, *see* United States v. Sawyer, 347 F.2d 372, 373 (4th Cir. 1965), the statement here cannot be said to rest entirely upon the record before the jury. Nor can this case be brought within those holdings permitting a more lenient standard following a personal attack on opposing counsel. *See* United States v. Battiato, 204 F.2d 717, 719 (7th Cir.), cert. denied, 346 U.S. 871, 74 S.Ct. 118, 98 L.Ed. 380 (1953). *But cf.*, Greenberg v. United States, 280 F.2d 472, 475, n. 4 (1st Cir. 1960) (criticizing certain language in *Battiato*). As the court stated in *Greenberg, supra*:

> "To permit counsel to express his personal belief in the testimony (even if not phrased so as to suggest knowledge of additional evidence not shown to the jury), would afford him a privilege not even accorded to witnesses under oath and subject to cross-examination. Worse, it creates the false issue of the reliability and credibility of counsel. This is peculiarly unfortunate if one of them has the advantage of official backing. The resolution of questions of credibility of testimony is for impartial jurors and judges. The fact that government counsel is, as he says, an advocate is the very reason why he should not impinge upon this quasi-judicial function. We believe

the canon to be elemental and fundamental." 280 F.2d at 475.

*See also* United States v. Cotter, 425 F. 2d 450, 453 (1st Cir. 1970).

We conclude, in accordance with the above authorities, that the prosecutor's remark concerning his personal belief in defendant's guilt constituted prejudicial error.

## II.

The issue of the accomplice instruction is more difficult but we conclude that the defendant was entitled to the instruction, or an appropriate substitute, and its omission under the circumstances also requires reversal.

Defendant was charged with violating 21 U.S.C. § 331(q)(2), since repealed, which prohibited "the sale, delivery, or other disposition of a drug in violation of Section 360a(b) of this title." Section 360a(b), also repealed, prohibited the sale, delivery, or other disposition of any depressant or stimulant drug to any other person.

This court has upheld the following instruction with regard to the definition of an accomplice and the weight to be given an accomplice's testimony:

> "If you believe that any witness who testified in this case actually took part in the commission of a crime, if in fact you believe from all the evidence that a crime or crimes were committed, then that witness is considered an accomplice and his testimony should be received with care and caution and scrutinized carefully." United States v. Echeles, 222 F.2d 144, 160 (7th Cir.), cert. denied, 350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739 (1955).

The defendant insists that Ball could have been charged as a principal under 18 U.S.C. § 2, which provides:

> "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or

procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

In Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949), the Supreme Court stated that "in order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' "

█ It seems apparent either that Ball comes within the language of the statute and that he could have been charged as a principal in that he aided, abetted, induced or procured the commission of the illegal sale of LSD for which the defendant was convicted under 21 U.S.C. § 331(q)(2), or that, even assuming he was not, the reasons for giving an accomplice instruction are in any event applicable to him because (a) he participated in the criminal activity, and (b) he had the same motive of currying favor with the police as would an actual accomplice. Since much of Ball's testimony was uncorroborated, the district court's refusal to give a cautionary instruction on the weight to be given an accomplice's testimony, or an appropriate substitute instruction, was also reversible error.

We reverse and remand for a new trial.

Reversed and remanded.

WILLIAM J. CAMPBELL, Senior District Judge (dissenting):

The record in this case convinces me that I must part company with my esteemed brothers and respectfully express my disagreement.

At the conclusion of the evidence, the defendant tendered the court an accomplice instruction similar to the one approved by this court in United States v. Battaglia, 394 F.2d 304, 313–314 (7th Cir. 1968). The district judge refused the instruction on the ground that the witness Ball was not an accomplice. An accomplice has been characterized as one who is associated with the commission of the crime charged in the indictment, one who aids or assists or is an accessory, and one who can himself be indicted for the principal offense. United States v. Balodimas, 177 F.2d 485, 487 (7th Cir. 1949); United States v. Holt, 427 F.2d 1114, 1117 (8th Cir. 1970). Unless the witness could be indicted or convicted of the identical offense for which the defendant is being prosecuted, the witness is not an accomplice. United States v. DeCicco, 424 F.2d 531, 532 (5th Cir. 1970). Although the question of whether one is an accomplice is generally committed to the jury, under appropriate circumstances it may be determined as a matter of law by the court. See United States v. Balodimas, 177 F.2d 485, 487 (7th Cir. 1949).

In the instant case, the witness Ball was not implicated as a principal or as an accessory in the specific offense (i. e., the sale from Wasko to Ball) for which the defendant Wasko was charged. Ball was not connected with any law enforcement agency, nor was he involved in any official attempt to investigate and arrest the defendant Wasko. He merely purchased LSD from the defendant and then in a separate transaction attempted to sell the drugs to Officer Green. There was no evidence suggesting that Wasko and Ball conspired in the sale of the drugs. Under these circumstances, I would hold as a matter of law that Ball was not an accomplice in the original sale of LSD; he was simply a purchaser.

It should also be observed in this regard that the concerns which prompted

the defendant to tender the instruction were largely satisfied through cross examination of the witness Ball and through the defendant's closing argument to the jury. The district judge permitted wide latitude on cross examination. Defendant's counsel was permitted to examine whether the witness Ball had received any benefits from the government in exchange for his testimony and whether the government had extended to him any immunity with respect to the charges then pending against him. The credibility of this witness was argued fully and forcefully to the jury.

The defendant also maintains that he was prejudiced and deprived of a fair trial by the prosecutor's closing argument. Relying on United States v. Cotter, 425 F.2d 450 (1st Cir. 1970), it is claimed that the prosecutor improperly expressed a personal opinion as to the guilt of the defendant. Viewing the record as transcribed by the official court reporter, I conclude that although it was improper for the prosecutor to express a personal opinion regarding the defendant's guilt, the evidence of guilt was overwhelming and thus the error must be considered harmless. There was direct testimony from the person who purchased the drugs from the defendant. Although the witness' credibility was a critical factor in the case, it was for the jury to assess, and generally credibility determinations are not reviewable on appeal. United States v. Sangster, 442 F.2d 1289, 1293 (7th Cir. 1971). Moreover, the testimony offered by Randy Ball was corroborated to a certain extent by the testimony of witnesses Green and Rogowski. Because the evidence of guilt was so strong, I consider that the improper remark of the prosecutor constituted harmless error. Kotteakos v. United States, 328 U. S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Thus, in my view the judgment of conviction should be affirmed.