**UNITED STATES of America ex rel. Marlene SWIMLEY, Petitioner-Appellant,**

v.

**Charlotte NESBITT, Warden of Dwight Correctional Center, Respondent-Appellee.**

No. 79–1206.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1979.

Decided Nov. 2, 1979.

Louis Carbonaro, Chicago, Ill., for petitioner-appellant.

Thomas E. Holum, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, PELL and BAUER, Circuit Judges.

BAUER, Circuit Judge.

The petitioner, Marlene Swimley, was convicted of solicitation to commit murder in violation of Ill.Rev.Stat. ch. 38, § 8–1 by a Cook County jury. Her conviction was affirmed by the Illinois Appellate Court. *People v. Swimley*, 57 Ill.App.3d 116, 14 Ill.Dec. 608, 372 N.E.2d 887, *cert. denied*, 439 U.S. 911, 99 S.Ct. 281, 58 L.Ed.2d 257 (1978). The petitioner then sought a writ of habeas corpus in federal district court. From the denial of her petition, she appeals. We affirm.

The evidence at trial showed that the petitioner requested an undercover investigator, Joseph Saladino, to murder her husband. The jury heard the testimony of Mr. Saladino as well as tape recordings of the encounter between him and the petitioner.[1] Illinois law requires that to be guilty of solicitation, a person must request or encourage another to commit a crime with the intent that the crime be committed. The jury was so instructed. *See* Illinois Pattern Jury Instruction—Criminal 6.01 (1968) (hereinafter cited as IPI–Criminal). In order to establish that the petitioner did intend to bring about her husband's murder, the state, in addition to presenting the testimony of the investigator and the tapes, called as witnesses Kevin Senne and John DeSpain. Both young men testified to plans they had made with the petitioner to find a "hit man" to take care of her husband. Senne admitted on the stand that he had received immunity from prosecution and that he would not have testified otherwise. Whether DeSpain had received immunity as well is unclear, but cross-examination revealed that he had received benefits from the state in return for his testimony. The petitioner testified in her own defense, denied the stories of Senne and DeSpain, and attempted to put an innocent construction on her conversation with investigator Saladino.

Petitioner tendered proposed jury instructions on the testimony of immunized witnesses and accomplices. The instructions tendered followed verbatim those suggested in 1 E. Devitt & C. Blackmar, Feder-

1. The tape recordings revealed the following exchange:

JOSEPH SALADINO: I understand that you want to see me.
MARLENE SWIMLEY: Yeah, You're a friend of Tom Mangione's right. Ah, my oldest one talked to Tom, and ah you said something about it could be done over there.
JOSEPH SALADINO: It can be arranged. What is it—exactly do you want, you know, what's, who is it. What's it about?
MARLENE SWIMLEY: Well, it's my husband.
JOSEPH SALADINO: And?

MARLENE SWIMLEY: What do you mean?
JOSEPH SALADINO: All I got, was I was supposed to contact you. In relation to what? But what is it? You want him what?
MARLENE SWIMLEY: You know, kind of evaporated.
JOSEPH SALADINO: What do you mean? What do you mean evaporated?
MARLENE SWIMLEY: Well, you know, gone.
JOSEPH SALADINO: Do you mean murder?
MARLENE SWIMLEY: Yeah.
57 Ill.App.3d at 122, 372 N.E.2d at 892, 14 Ill.Dec. at 613.

al Jury Practice and Instructions § 12.02[2] and § 12.04[3] (2d ed. 1970). The trial judge, however, refused to give the tendered instructions. Nor did the court instruct the jury specifically on the testimony of accomplices and the care with which their testimony should be considered, although the Illinois Pattern Jury Instructions contain an instruction on the subject.[4] Instead the trial judge gave the jury an instruction on the evaluation of the credibility of witnesses in general terms.[5] The jury returned a verdict of guilty. Petitioner received a sentence of three to nine years imprisonment. The Illinois appellate court held that the trial court's refusal to give the instructions requested was not error. 57 Ill.App.3d at 130–31, 372 N.E.2d at 897–98, 14 Ill.Dec. at 618–619.

The sole issue before the federal district court and before this court is whether the failure of the state trial judge to give some kind of cautionary instruction on the testimony of accomplices or immu-

nized witnesses[6] violated the petitioner's due process right to a fair trial. A federal court in a habeas corpus action is limited in its search for error to those of constitutional magnitude. 28 U.S.C. § 2254.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten*, 414 U.S. [141], at 147 [94 S.Ct. 396, 38 L.Ed.2d 368], not merely whether ". . . the instruction is undesirable, erroneous, or even 'universally condemned,'" *id.*, at 146, [94 S.Ct. 396]. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–1737, 52 L.Ed.2d 203 (1977). In those cases in which the Supreme Court

2. Section 12.02, entitled "Testimony of Informer—Interested Witness," provides:

   The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against defendant.

3. Section 12.04, entitled "Testimony of Accomplice," provides:

   An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of an accomplice alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilty, even though not corroborated or supported by other evidence. However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care.

   You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that unsupported testimony beyond a reasonable doubt.

4. An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of

an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case. (IPI–Criminal 3.17).

5. You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

   You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness. (IPI–Criminal 1.02).

6. The petitioner has intimated that due process required that the jury be instructed on both types of witnesses. Since the positions of Senne and DeSpain were virtually identical, however, even under federal standards it would appear that she was entitled to only one instruction. *United States v. Rucker*, 586 F.2d 899, 904 (2d Cir. 1978); *United States v. Morgan*, 555 F.2d 238, 242–43 (9th Cir. 1977); *United States v. Curry*, 512 F.2d 1299, 1303 (4th Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975); *United States v. Gonzales*, 491 F.2d 1202, 1207–08 (5th Cir. 1974).

has reviewed the instructions given in state criminal trials, it has confined its inquiry to determining whether the jury was properly instructed on the government's burden of proving every element of the crime charged beyond a reasonable doubt, *see Sandstrom v. Montana,* —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977), *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), or another " 'principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' " *id.* at 149–50, 94 S.Ct. at 402 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). *See, e. g., Taylor v. Kentucky,* 436 U.S. 478, 485, 98 S.Ct. 1930, 1935, 56 L.Ed.2d 468 (1978) (jury should be instructed on the presumption of innocence to insure that it bases its verdict "solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial"). *Compare Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979) (*Taylor* does not create a per se constitutional rule; whether failure to instruct on presumption of innocence violates constitutional right to a fair trial depends upon the totality of the circumstances). Moreover, one convicted of a crime in state court has a particularly heavy burden of establishing a constitutional violation where, as here, she complains not that the state court gave an erroneous instruction, but that it omitted to give a permissible instruction. *Henderson v. Kibbe,* 431 U.S. at 155, 97 S.Ct. 1730.

The petitioner, relying on a number of federal appellate court decisions reviewing federal criminal convictions, contends that cautionary instructions on accomplices and immunized witnesses have become so well-established as to be constitutionally required in appropriate cases in both state and federal criminal trials. At least one federal court of appeals has rejected this argument, *Grieco v. Meachum,* 533 F.2d 713 (1st Cir.), *cert. denied,* 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976),[7] and a review of the federal decisions reveals that they are properly understood as exercises of the federal appellate courts' supervisory power over proceedings in trial courts, not decisions vindicating constitutional rights. *See generally* 17 A.L.R. Fed. 249 (1973).

The justification for cautionary instructions on particular types of witnesses is easy to understand.

The use of informers, accessories, accomplices, false friends, or any of the other betrayals which are "dirty business" may raise serious questions of credibility. To the extent that they do, a defendant is entitled to broad latitude to probe credibility by cross-examination and to have the issues submitted to the jury with careful instructions.

*On Lee v. United States,* 343 U.S. 747, 757, 72 S.Ct. 967, 973–974, 96 L.Ed. 1270 (1952). When the government calls "the accused accomplice . . . to testify against the defendant[,] [c]ommon sense would suggest that he often has [an] interest in lying in favor of the prosecution . . . ." *Washington v. Texas,* 388 U.S. 14, 22, 87 S.Ct. 1920, 1925, 18 L.Ed.2d 1019 (1967). Thus, in most cases, accomplice instructions "represent no more than a commonsense recognition that an accomplice may have a special interest in testifying, thus casting doubt upon his veracity." *Cool v. United States,* 409 U.S. 100, 103, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972).

---

7. While the [state] court, in our opinion ill-advisedly, did not give a "close scrutiny" instruction as to accomplice testimony, *see United States v. House,* 471 F.2d 886, 888 (1st Cir. 1973), we recognize that Massachusetts law does not require it. We cannot find constitutional error here.

533 F.2d at 721. *See also United States v. Nolte,* 440 F.2d 1124, 1126–27 (5th Cir.), *cert. denied,* 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971) (rejecting defendant's objection to an accomplice instruction when the accomplice had testified as a defense witness):

[T]he trial judge's decision whether to give the instruction is not a matter requiring constitutional scrutiny. . . . Whether an accomplice testifies for the prosecution or, as here, for the defense, it is within the trial judge's discretion to instruct the jury to accept an accomplice's testimony with caution.

Even though "[a]ccomplice instructions have long been in use and have been repeatedly approved," *id.*, the federal courts of appeals have not reached unanimity on the circumstances in which the trial judge should or must give such an instruction and on when the failure to do so will warrant a reversal. Judge Learned Hand in widely quoted dictum once remarked:

> The warning is never an absolute necessity. It is usually desirable to give it; in close cases it may turn the scale; but it is at most merely a part of the general conduct of the trial, over which the judge's powers are discretionary, like his control over cross-examination, or his comments on the evidence. If he thinks it unnecessary—at least when, as here, the guilt is plain—he may properly refuse to give it.

*United States v. Becker*, 62 F.2d 1007, 1009 (2d Cir. 1933). *See also United States v. Bucur*, 194 F.2d 297, 305 (7th Cir. 1952) ("Although such an instruction is 'better practice,' it is not error to refuse to give it"). Although it is doubtful that such a broad statement accurately reflects current federal practice,[8] it illustrates that cautionary instructions such as those requested by the petitioner cannot be regarded as "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).

The petitioner has not briefed the status of cautionary instructions on the testimony of accomplices and immunized witnesses in the state courts, but it is doubtful that such instructions are universally or widely required. *See Grieco v. Meachum*, 533 F.2d 713, 720 (1st Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976) (Massachusetts does not require accomplice instruction). The Illinois Pattern Jury Instructions for criminal cases do not contain an immunized witness instruction and the committee note to the accomplice instruction indicates that the committee was "sharply divided" on whether that instruction was necessary at all. *See* IPI–Criminal at p. 31. A significant minority of the committee apparently believed that the credibility of an accomplice was best left to cross-examination of the witness and argument to the jury. This is certainly a defensible view, particularly in those jurisdictions which, unlike the federal system, sharply restrict the trial judge's ability to comment on the evidence. Although under Illinois law the giving of an accomplice instruction is preferred, *see People v. Gleitsmann*, 361 Ill. 165, 197 N.E. 557 (1935), the failure of the trial court to give one in cases such as this has been held not to be reversible error. *People v. Parks*, 65 Ill.2d 132, 2 Ill.Dec. 320, 357 N.E.2d 487 (1976).

The United States Supreme Court has recognized the "essential difference between instructing a jury on the care with which it should scrutinize certain evidence in determining how much weight to accord it and instructing a jury" on the government's burden of proof. *Cool v. United States*, 409 U.S. at 104, 93 S.Ct. at 357. Defects in instructions of the latter variety may give rise to constitutional error; defects of the former kind ordinarily do not. As the Supreme Court has noted, the cautionary instructions on accomplices and others of doubtful veracity reflect the common sense recognition of the credibility problems associated with these kinds of witnesses. Members of a jury do not leave their common sense behind them when they enter the jury room. It would seem that the jury would ordinarily be cognizant of such factors bearing on credibility with or without special cautionary instructions.

---

8. *See generally McMillen v. United States*, 386 F.2d 29 (1st Cir. 1967), *cert. denied*, 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288 (1968) (reviewing cases and reversing conviction for "plain error" in failing to give instruction *sua sponte*); *United States v. Leonard*, 161 U.S.App.D.C. 36, 41, 494 F.2d 955, 960 (D.C.Cir. 1974) ("it is better practice for a district court *sua sponte* to caution the jury concerning an accomplice's testimony, and . . . it is reversible error to refuse to give a requested accomplice instruction"); *United States v. Wasko*, 473 F.2d 1282 (7th Cir. 1973) (reversing conviction). *See also United States v. Lee*, 165 U.S.App.D.C. 50, 506 F.2d 111 (D.C.Cir. 1974), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975).

The petitioner cannot reasonably contend that the failure of the state judge to give a cautionary instruction misled the jury about the state's heavy burden of proof. The petitioner's argument that fundamental fairness required the giving of cautionary instructions is similarly without merit. The jury sitting in judgment of the petitioner was instructed that it was the sole judge of the credibility of the witnesses and the weight of their testimony. *See* note 5 *supra*. No critical factual issue was withdrawn from the jurors' consideration. The petitioner has failed to allege any violation of her constitutional rights. The trial court's judgment dismissing the petition is, therefore, affirmed.

AFFIRMED.