23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James L. DAVIS, Petitioner-Appellant,
v.
Robert A. FARLEY, Respondent-Appellee.
 No. 93-1309.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 9, 1994.
 
 Before POSNER, Chief Judge, and BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 James L. Davis, a state prisoner incarcerated at the Indiana State Prison in Michigan City, Indiana, appeals from the denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254.
 
 
 2
 On Thanksgiving Day, 1987, the Indiana Police Department received a call that a westbound car (driven by Davis) had struck the caller's fence. Attempts to intercept the car led to a high speed chase involving two moving roadblocks. A stationary roadblock created by parked police cars eventually brought the pursuit to an end, as Davis crashed through the roadblock. The impact, however, threw one of the officers into the air, causing severe injuries. Davis had been drinking since the previous day and his blood alcohol content registered at .26 percent after the accident.
 
 
 3
 An indiana jury convicted Davis of attempted murder, causing serious bodily injury by operating a motor vehicle while intoxicated, causing serious bodily injury while operating a vehicle with over a .10 percent blood alcohol content, and criminal recklessness. He was sentenced to 30 years on attempted murder, five years for criminal recklessness, and two years for each of the other two charges. All sentences were ordered to run concurrently. In an unpublished opinion, the Court of Appeals of Indiana affirmed three of the convictions but vacated the criminal recklessness conviction. The Indiana Supreme Court denied Davis's petition to transfer.
 
 
 4
 In his petition for habeas corpus relief, Davis raised the same claims of error as were raised on direct appeal: 1) the evidence was insufficient to support his conviction for attempted murder; 2) the denial of his request for a change of venue resulted in a biased jury; 3) opinion testimony was improperly admitted; 4) he was denied a fair trial because the trial court refused to give a tendered instruction; and 5) his conviction for criminal recklessness violated his right to due process. After considering each claim on its merits, the district court denied the petition.
 
 Sufficiency of the Evidence
 
 5
 In reviewing the sufficiency of the evidence on collateral review, we must consider whether the evidence, when viewed in the light most favorable to the state, establishes that "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Kines v. Godinez, 7 F.3d 674, 678 (7th Cir.1993), cert. denied, 127 L.Ed.2d 664 (1994). Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt will the conviction be considered constitutionally deficient. See United States v. Briscoe, 896 F.2d 1476, 1504 (7th Cir.), cert. denied, 498 U.S. 863 (1990). Davis argues that he was unable to form the specific intent to commit murder because he was intoxicated at the time of the accident and suffering from post-traumatic stress syndrome. He also contends that the state failed to prove the specific intent to murder, because it failed to introduce evidence that he planned to kill anyone. However, under Indiana law "specific intent" does not require premeditation. The requisite intent for attempted murder is the culpability required for the commission of the crime of murder, Ind.Code Sec. 35-41-5-1 (Burns 1994), which is established if an individual acts "knowingly or intentionally." See Ind.Code. Sec. 35-42-1-1. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code Sec. 35-41-2-2(b). Thus, an individual is guilty of attempted murder if he is aware that his conduct will likely result in the death of another.
 
 
 6
 The Indiana Court of Appeals, the last state court to consider the merits of Davis's claim, determined that the testimony at trial established that Davis was able to maneuver and control his car in high speed to evade at least two roadblocks during an eighteen-mile chase. Under the mandate of 28 U.S.C. Sec. 2254(d), the factual findings of the state court are presumed correct. See Bobo v. Kolb, 969 F.2d 391, 396-97 (7th Cir.1992). Davis failed to contradict the testimony provided by the police officers at trial, asserting only that he recalled little of the event. The jury was entitled to believe the state's evidence and draw from it the logical inference that in order to handle his car as described, Davis was aware of what he was doing and aware that such conduct posed a likely threat of death to any one with whom he came into contact. It is not the province of the federal court on collateral review to redetermine the credibility of witnesses or to reweigh the testimony. Kines, 7 F.3d at 678; Chandler v. Richards, 935 F.2d 915, 918 (7th Cir.1991). Thus, when viewed in the light most favorable to the prosecution, the evidence here is sufficient to support the jury's verdict.
 
 
 7
 Davis also argues that facing charges of criminal recklessness and attempted murder arising out of the same act denied him a fair trial. Because his conviction and sentence for criminal recklessness was vacated by the Indiana Court of Appeals, Davis is no longer "in custody" under that charge and therefore, may not seek review of constitutional claims relating to that offense under Sec. 2254.
 
 Juror Bias
 
 8
 Davis next argues that the trial court's denial of his request for a change of venue due to pre-trial publicity resulted in an unfair trial and violated his Sixth Amendment right to an impartial jury. The newspaper articles and radio broadcasts to which Davis refers were released over a year before the trial began. The Court of Appeals of Indiana held that "these reports were few in number and too distant from the trial date to be sufficiently prejudicial." Memorandum Decision at 11.
 
 
 9
 Upon independent review of the record, we agree that the trial court did not err in concluding that the publicity was not so extensive as to overcome the jury's presumption of impartiality. An unsupported claim that the jurors had knowledge of the case is simply not sufficient to show actual juror prejudice. See Grancorvitz v. Franklin, 890 F.2d 34, 39 (7th Cir.1989), cert. denied, 495 U.S. 959 (1990); Willard v. Pearson, 823 F.2d 1141, 1146 (7th Cir.1987). Similarly, the fact that the jurors testified on voir dire that they were able to disregard any previously acquired information and render a decision based solely on the evidence presented at trial indicates that the publicity did not have a prejudicial impact. Washington v. Lane, 840 F.2d 443, 447 (7th Cir.), cert. denied, 488 U.S. 861 (1988). Moreover, the fact that defense counsel did not exhaust his peremptory challenges further supports a finding that the publicity was not so pervasive and inflammatory that it infected the selected jurors' ability to remain impartial. See id.
 
 Admission of Opinion Evidence
 
 10
 The trial court allowed a police officer who had observed Davis's behavior during the chase and had spoken with him after the accident to testify that Davis appeared to understand what he was doing. Davis contends that the admission of lay opinion testimony regarding his ability to form the requisite criminal intent deprived him of a fair trial. Because the admissibility of evidence in a state criminal trial is generally a matter of state law, state court evidentiary rulings will rarely serve as a proper basis for granting habeas relief. Haas v. Ambrahamson, 910 F.2d 384, 389 (7th Cir.1990); Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.), cert. denied, 498 U.S. 924 (1990). Unless the petitioner has demonstrated that a specific constitutional right has been violated, an erroneous state evidentiary ruling may be questioned in federal habeas proceedings only if the ruling rendered the trial fundamentally unfair. Escobar v. O'Leary, 943 F.2d 711, 720 (7th Cir.1991). While the Court of Appeals of Indiana found that allowing the officer to testify to Davis's mental state was error, cf. United States v. Guzzino, 810 F.2d 687, 699 (7th Cir.1987) (Under Federal Rule of Evidence 701, opinion testimony as to the mental state of another is neither conclusively nor presumptively inadmissible), it was considered harmless in light of other evidence from which the jury could infer intent. In view of the totality of the evidence, we agree that the admission of this testimony did not deprive Davis of his due process right to a fair trial.
 
 Fair Presentment--Jury Instruction
 
 11
 The remaining issue raises a question of procedural default. As a matter of comity, "[a] federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 112 S.Ct. 387 (1991). In considering whether the state courts have been given a full and fair opportunity to hear a claim, a district court must make two inquires: whether the petitioner has exhausted all available state remedies and whether the petitioner has raised all of his claims during the course of the state proceedings. Id. (citing Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, 490 U.S. 1009 (1989)). "The Supreme Court has interpreted section 2254's definition of exhaustion to require that a petitioner 'fairly present' the federal issue to the state courts as a precondition of exhaustion." Verdin v. O'Leary, 972 F.2d 1467, 1472-73 (7th Cir.1992) (citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971)). Thus, the failure to fairly apprise the state court of the potential constitutional ramifications of a claimed trial court error will result in waiver of the claim, unless the petitioner can show cause for and prejudice from his procedural default. Id.; Jones v. Washington, 15 F.3d 671, 675 (7th Cir.1994).
 
 
 12
 In determining whether a claim has been fairly presented to the state court we consider whether the petitioner's argument to the state court: (1) relied on pertinent federal cases employing constitutional analysis; (2) relied on state cases applying constitutional analysis to a similar factual situation; (3) asserted the claim in particular constitutional terms; or (4) alleged a factual pattern that is well within the mainstream of constitutional litigation. Verdin, 972 F.2d at 1473-74.
 
 
 13
 Davis claims it was error for the trial court to refuse to give a tendered instruction regarding testimony from police officers. The State argues that Davis has procedurally defaulted on the question of jury instruction error by failing to fairly present it as a constitutional claim on direct appeal.
 
 
 14
 Although an error in instructing the jury may "so infect[ ] the entire trial that the resulting conviction violates due process," Estelle v. McGuire, 112 S.Ct. 475, 482 (1991), Davis did not expressly claim that his right to due process was violated by the failure to give the tendered instruction either in his brief before the Indiana Court of Appeals or in his petition for a writ of habeas corpus. Rather, he relied solely on a fact based argument and failed to cite any supporting case law, state or federal. However, it is generally not enough for the state court to be alerted to the constitutional nature of the claim simply because the facts necessary to support the federal claim are before the court. The pattern of facts alleged by Davis regarding the claimed jury instruction error is not "well within the mainstream of constitutional litigation" such that the state court should have recognized the claim as one stemming from the Due Process Clause. See Verdin, 972 F.2d at 1478-79. As the substance of the tendered instruction was addressed in other instructions actually given to the jury, absent a constitutional argument distinguishing the instructions, there was no reason that the state court should have perceived Davis's claim as other than controlled by state law. We conclude, therefore, that Davis did not fairly present a constitutional challenge to the jury instructions before the state court. Moreover, Davis has made no attempt to demonstrate cause for his failure to properly present the claim and actual prejudice resulting from the default. Nor does Davis argue that the failure to consider the claim will result in a fundamental miscarriage of justice. Seeing no miscarriage of justice, we are barred from reviewing Davis's jury instruction claim.
 
 
 15
 Even if Davis had not defaulted, he has failed to demonstrate, as he must to prevail, that the refusal to give the requested instruction "so infected the entire trial that the resulting conviction violate[d] due process." Love v. Young, 781 F.2d 1307, 1318 (7th Cir.1985) (quoting Henderson v. Kibbe, 431, 145, 154 (1977)), cert. denied, 476 U.S. 1185 (1986). The instructions given properly charged the jury concerning its obligation to take into consideration any possible bias or prejudice a witness may harbor when evaluating the credibility of the witness. As this addressed the substance of Davis's tendered instruction, the refusal to give the requested instruction did not violate his due process right to a fair trial. See United States ex rel. Swimley v. Nesbit, 608 F.2d 1130 (7th Cir.1979) (the failure to give a cautionary instruction on the testimony of accomplices or immunized witness did not violate the petitioner's due process right when jury was instructed in general terms on the evaluation of the credibility of witnesses).
 
 
 16
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examinations of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record